**SPITZER v VANSELOW et**

Ohio Appeals, 9th Dist, Medina Co

No 134. Decided May 5, 1936

C. T. Moore, Akron, and N. H. McClure, Medina, for plaintiff.

Raymond B. Bennett, Medina, for defendants.

## OPINION

By STEVENS, J.

This suit is before this court upon appeal. Plaintiff seeks to enforce a claimed judgment lien on an undivided one-half interest in certain real estate which it is claimed defendant John Vanselow owned at the time of the levy of an execution thereon.

On October 14, 1932, plaintiff recovered a judgment against John Vanselow in the Court of Common Pleas of Summit County. Thereafter, on October 14, 1932, an execution was issued upon said judgment to the sheriff of Medina County, and levy was made upon the interest of John Vanselow in the premises described in plaintiff's petition.

Said premises were jointly acquired by John Vanselow and his wife, Jessie, on November 28, 1914, each of them owning an undivided half interest in said premises.

On April 25, 1931, John Vanselow executed an instrument purporting to be a deed, whereby he sought to convey his interest in said premises to his wife, Jessie, in satisfaction of a pre-existing indebtedness owing from him to his wife in the sum of $800, which instrument was, on the same day, filed with the county recorder for record, and shortly thereafter duly recorded.

The instrument by which it was sought to convey said interest was defective as a deed because it was attested by one witness only. (§8510, GC).

The question is thus presented whether said John Vanselow had any interest in said premises to which the lien of said execution could attach, or whether the attempted conveyance, under the conditions here shown, was sufficient to place the equitable title in the wife, and thereby defeat the levy.

While we cannot conclude from this record that the $800 given by the wife, Jessie, to her husband, John, was, at the time of its delivery, given in payment of an agreed price for the purchase of the interest of John in said premises, yet it does appear that he borrowed the money from her and thereafter sought to convey his interest in said premises in satisfaction of his debt owing to her, and there is nothing in the evidence to indicate any reason why the parties could not so contract, or that the transaction violated any right of plaintiff or any other person.

"A deed defective in that some of the formal requisites have not been complied with, and for that reason ineffectual to pass legal title, may nevertheless be held valid in equity as a contract for the conveyance of legal title, and enforceable by specific performance, if it be plainly shown that the instrument was intended as a conveyance of the land."

13 O. Jur., "Deeds," §28, p. 843; citing among others, Williams v Sprigg, 6 Oh St 585, and Holden v Belmont, 32 Oh St 585. This rule has been applied to deeds not properly attested.

Courcier and Ravises v Graham, 1 Ohio 330.

Abbott v Bosworth, 36 Oh St 605.

Here, long prior to the obtainance of plaintiff's judgment, and the levy of his execution, defendant had attempted to transfer his interest in said premises to satisfy the pre-existing debt owing to his wife and the validity of that debt is not challenged.

The relationship between defendant and his wife at the time of the attempted transfer of title was changed, by their contract and the execution and delivery of said defective deed, from that of mere creditor and debtor, to one of parties having entered into a written contract for the sale of real estate, where the consideration for the conveyance had been paid by the purchaser.

Thereafter, defendant held the bare legal title, subject to a contract to convey to his wife, she having the equitable title to his interest in said premises.

"The rights of a vendee under a contract of purchase before conveyance, stand on much the same footing as those of a vendor after conveyance. In each case the one holds the land in trust for the other; and the vendee, to the extent that he has paid the purchase money, is preferred to creditors of the vendor without notice of the unrecorded contract of purchase extend to him their credit, and recover judgments against him while the legal title remains in him."

Miller v Albright, 60 Oh St 48, at p. 54.

See also—
White v Denman and others, 1 Oh St 110, 112.
Lefferson v Dallas et, 20 Oh St 68.

"And, it is a well established rule that the lien of a judgment attaches only to such beneficial interest in land as the judgment debtor has at the time of its rendition; and, when the rule is not otherwise affected by statutory regulation, as in cases of mortgages and other instruments which become effectual against third persons only on proper registration, the judgment lien is subject to all equities concerning the land which could be successfully asserted against the debtor. This rule is declared in Tousley v Tousley, 5 Oh St, 87 * * *."

Miller v Albright, supra, at p. 51.

Defendant John Vanselow, being merely the holder of the bare legal title to the undivided one-half interest in said premises, and plaintiff's judgment, and the levy made by virtue thereof, attaching only to such beneficial interest in the land as the judgment debtor had at the time of the levy (the judgment having been obtained in a county other than that of the situs of the land), it follows that plaintiff acquired nothing by virtue of his execution.

Ordinarily, and except to the extent that the rule has been modified by statute—

"an execution lien, like that of a judgment, attaches to the real rather than the apparent interest of the defendant. If the title held by him is subject to equities of third persons, the execution lien is also subordinate to such equities. 'The fountain cannot rise higher than its source.' In all attempts to acquire rights under the execution, the title of the defendant must be regarded as the source beyond which it will be impossible to proceed. If his title is impaired by equities or liens which are susceptible of assertion against him, they will be equally susceptible of assertion against the execution lien; and the lien may be destroyed, or, more correctly speaking, may be proved never to have existed, by evidence of some pre-existing conveyance, of which the judgment creditor had no actual or constructive notice when his lien was supposed to have attached."

2 Freeman on Executions (3rd ed.) §195.

See also, Davies v Hambly, 4 Unreported Opinions of the Ninth District 426 (case No. 795, Summit County), decided by this court on January 29, 1924.

The issues presented are received in favor of defendants, and the petition of plaintiff is dismissed at his costs.

FUNK, PJ, and WASHBURN, J, concur in judgment.